IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| MICHAEL PRYOR, JAMES FENSKE, ROBERT H. KLINE, JR., JAMES BITTLE, ROY WHITED, DONALD G. HICKS, JR., ROBERT STANLEY, RANDALL C. HUGGINS, JR., DAVID W. BURDEN, JR., ROGER WARREN, | § § § § § § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Service Employees International, Inc. ("Plaintiff" or "SEII") brings this action for declaratory and, if necessary, injunctive relief against its current and former employees Michael Pryor, James Fenske, Robert H. Kline, Jr., James Bittle, Roy Whited, Donald G. Hicks, Jr., Robert Stanley, Randall C. Huggins, Jr., David W. Burden, Jr., and Roger Warren ("Defendants"). Through this suit, Plaintiff seeks a declaration that, in light of a recently issued decision from the United States Supreme Court, Defendants cannot pursue class claims against Plaintiff in a San Francisco arbitration because the arbitration agreement does not provide for class arbitration, and the Supreme Court has now made clear that in such instances, a plaintiff in arbitration cannot pursue class claims. *See Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, --- S. Ct. ----, 2010 U.S. LEXIS 3671 (April 27, 2010) (attached as Exhibit A). Plaintiff

SEII does not seek to halt the arbitration of the Defendants' individual claims, which can proceed in arbitration pursuant to the pertinent arbitration agreement. In support of its claims, Plaintiff SEII states as follows:

### I.   PARTIES

1. SEII is a corporation organized under the laws of the Cayman Islands, with its principal place of business in Dubai, United Arab Emirates. SEII employed each of the Defendants in this matter.

2. Upon information and belief, Defendant Michael Pryor is a citizen of Ohio and resides at 4834 Caleb Avenue, Conneaut, Ashtabula County, Ohio 44030-8828.

3. Upon information and belief, Defendant James Fenske is a citizen of Missouri and resides at 806 Whisper Creek Court, Wentzville, St. Charles County, Missouri 63385-4582.

4. Upon information and belief, Defendant Robert H. Kline, Jr. is a citizen of Arizona and resides at 5250 E. Cortland Boulevard, Building 5SSD, Flagstaff, Coconino County, Arizona 86004-8306.

5. Upon information and belief, Defendant James Bittle is a citizen of Oregon and resides at 3248 Green Acres Drive, Central Point, Jackson County, Oregon 97502-1412.

6. Upon information and belief, Defendant Roy Whited is a citizen of Pennsylvania and resides at 162 Morris Street, Northern Cambria, Cambria County, Pennsylvania 15714-8314.

7. Upon information and belief, Defendant Donald G. Hicks, Jr. is a citizen of Utah and resides at 834 South 4375 West, Cedar City, Iron County, Utah 84720-6257.

8. Upon information and belief, Defendant Robert Stanley is a citizen of Texas and resides at 246 County Road 3357, Kempner, Lampasas County, Texas 76539-5470.

9. Upon information and belief, Defendant Randall C. Huggins, Jr. is a citizen of Kentucky and resides at 6297 State Route 1241, Hickory, Graves County, Kentucky 42051-9424.

10. Upon information and belief, Defendant David W. Burden, Jr. is a citizen of Pennsylvania and resides at 3652 Morrisdale Allport Highway #H, Morrisdale, Clearfield County, Pennsylvania 16858-8345.

11. Upon information and belief, Defendant Roger Warren is a citizen of Texas and resides at 2045 FM 2729, Whitewright, Grayson County, Texas 74591-5930.

## II.    JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(2) because (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) SEII is a citizen of a foreign nation state and the Defendants are citizens of a number of states in the United States. The amount in controversy requirement is satisfied because the Defendants are seeking more than the threshold amount in their underlying putative class arbitration. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996).

13. This Court has personal jurisdiction over Defendants, and venue is proper in this District because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to the fact that each Defendant was hired in this District; each of the underlying arbitration agreements was entered into in this District; each of the employment agreements upon which Defendants sue in the JAMS Arbitration was entered into in this District (although did not take effect until the Defendant began performing services overseas) and are governed by Texas law; and Defendant Burden previously sued SEII in this District in *Dingle et al. v. Halliburton Company et al.*, Civil Action No. H-05-3719 (Harmon, J.),

asserting the same "off the clock" claim he now raises in the JAMS Arbitration. *See* Federal Arbitration Act, 9 U.S.C. § 4.

### III.  FACTUAL BACKGROUND

#### The *Dingle* Litigation

14.   On October 31, 2005, the law firm of Lopez, Hodes, Restaino, Milman & Skikos filed in this District a lawsuit styled *Dingle et al. v. Halliburton Company et al.,* Civil Action No. 05-3719.  The *Dingle* case was a putative class action lawsuit against Halliburton Co. and several other entities, including SEII, which was at that time a wholly-owned foreign subsidiary of Halliburton (the "Halliburton Defendants").  The named plaintiffs in the *Dingle* case were current and former employees who alleged, on behalf of a putative class of employees, that the Halliburton Defendants had breached their employment agreements by failing to pay them all of the compensation they were due.  (*Dingle* Dkt. 1)  Each of the *Dingle* Plaintiffs worked for SEII or another Halliburton subsidiary and worked in Iraq under a government contract called the LOGCAP III Contract between the United States Army and Brown & Root Services, a division of Kellogg, Brown & Root.

15.   The *Dingle* case was assigned to the Honorable Melinda Harmon.  After Judge Harmon dismissed claims for overtime pay brought by the *Dingle* Plaintiffs, the *Dingle* Plaintiffs substituted David Burden for one of the original named Plaintiffs.  The *Dingle* Plaintiffs alleged that Mr. Burden and the putative class members he sought to represent were forced to work "off the clock" in violation of their employment agreements. (*Dingle* Dkt. 76)

16.   The *Dingle* Plaintiffs also sought reconsideration of Judge Harmon's dismissal of their overtime claims, but Magistrate Judge Stacy denied the *Dingle* Plaintiffs' motion on August 28, 2007.  (*Dingle* Dkt. 83)  The off-the-clock class action allegations in *Dingle* were never

litigated before Judge Harmon because on November 1, 2007, one of the *Dingle* Plaintiffs' counsel, Mr. Mark G. Crawford, voluntarily dismissed the *Dingle* lawsuit with prejudice. (*Dingle* Dkt. 84).

### The JAMS Arbitration

17. On the same day that he dismissed the *Dingle* lawsuit, Mr. Crawford filed the JAMS Arbitration in San Francisco, even though none of the underlying events occurred in California and none of the Claimants in the JAMS Arbitration (the Defendants here) reside in California. The JAMS Claimants are current and former employees of SEII—including one of the *Dingle* Plaintiffs, David Burden—who allege, like Mr. Burden did in *Dingle*, that they were forced to work "off the clock." They demanded arbitration of their claims based on their agreements to use the Halliburton Dispute Resolution Program to resolve disputes with Halliburton or any related entity.

18. In pursuing their "off the clock" claims, Mr. Burden and the other Claimants in the JAMS Arbitration now seek to represent two putative classes of employees. From the beginning of the JAMS Arbitration, SEII has taken the position that the JAMS Claimants' claims should not be certified for class treatment and that the JAMS Claimants could therefore not proceed in arbitration on a class basis. No class certification hearing has yet been held in the JAMS Arbitration. SEII has never contended and does not now contend that the JAMS Claimants cannot continue with their individual claims in arbitration.

19. The JAMS Arbitration is being conducted under the Halliburton Dispute Resolution Program Plan & Rules (subsequently adopted by KBR, Inc. and hereinafter referred to as the "KBR DRP" or the "DRP"). The DRP is silent as to whether class-wide claims may be brought in arbitration. (*See* DRP Plan & Rules, attached as Exhibit B)

20. At the time the JAMS Arbitration was filed, legal precedent was that (a) the arbitrator, not a court, was to determine whether an arbitration agreement permitted or forbid class arbitration; and (b) the arbitrator could order class arbitration, i.e., certify class claims, so long as the arbitration agreement at issue either expressly permitted such a result or was merely "silent" on the issue. *See, e.g.*, *Pedcor Management Co. v. National Personnel of Tex., Inc.*, 343 F.3d 355 (5th Cir. 2003) (interpreting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003)).

The *Stolt-Nielsen* Decision

21. On April 27, 2010, the United States Supreme Court decided *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, --- S. Ct. ----, 2010 U.S. LEXIS 3671 (April 27, 2010), which held that class arbitration can proceed only when the parties have so agreed in the arbitration agreement. *Id.* at *40. As a matter of law, therefore, the Supreme Court clarified that an arbitrator does not have the authority to proceed with and certify class arbitration proceedings on the basis of an agreement that is silent on the topic. *Id.* at *45. The Supreme Court also stated that *Bazzle* had been misunderstood to hold as a majority decision that an arbitrator, as opposed to a court, decides whether the parties agreed to class arbitration, when in fact, *Bazzle* did not so decide. *Id.* at *33.

22. Despite this now clear precedent, the JAMS Claimants continue to contend that the arbitrator has the authority to certify their class claims, and they have taken no steps to clarify that the arbitration will proceed on their individual claims only. SEII is in the process of requesting that the JAMS Claimants stipulate, in light of the *Stolt-Nielsen* decision, that the JAMS Claimants proceed with the JAMS Arbitration on an individual basis only, and not pursue class-wide relief. Absent such a stipulation, however, declaratory (and if necessary, injunctive)

6

relief will be both necessary and appropriate to prevent further arbitration proceedings beyond the scope of those permitted by the agreement.

### IV.    COUNT I: DECLARATORY JUDGMENT

23.    The foregoing paragraphs are incorporated by reference herein.

24.    This case concerns an actual, justiciable controversy. As alleged above, the Defendants in this matter are prosecuting putative class claims in the JAMS Arbitration. The JAMS Arbitration is being conducted under the KBR DRP, which is silent regarding class arbitration. Under the Supreme Court's *Stolt-Nielsen* decision, Defendants are not entitled to pursue claims on behalf of any putative class in the JAMS Arbitration.

25.    Accordingly, SEII seeks a declaration from the Court under Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202 that Defendants may not pursue class claims in the JAMS Arbitration and no such claims may be certified for class-action treatment.

### V.    COUNT II: PERMANENT INJUNCTION

26.    The foregoing paragraphs are incorporated herein by reference.

27.    Defendants' continued pursuit of claims on behalf of one or more putative classes in the JAMS Arbitration will cause SEII irreparable harm for which there is no adequate remedy at law. Considering the balance of hardships between the parties and considering the public interest, a remedy in equity is warranted. Accordingly, SEII is entitled to a permanent injunction enjoining Defendants from pursuing claims on behalf of any putative class in the JAMS Arbitration. In the event that the filing of this lawsuit does not result in an agreement between the parties to suspend or postpone the Defendants' pursuit of class claims pending the resolution of this matter, SEII reserves the right to seek preliminary injunctive relief.

## VI. PRAYER

WHEREFORE, Plaintiff Service Employees International, Inc. respectfully requests that Defendants be cited and required to appear herein, and that upon final trial, the Court: (1) declare that Defendants may not pursue class claims in the JAMS Arbitration and no such claims may be certified for class-action treatment; and (2) permanently enjoin Defendants from pursuing claims on behalf of any putative class in the JAMS Arbitration.  Finally, SEII requests that the Court award such other and further relief to which they may show themselves justly entitled in law or in equity, including but not limited to an award of attorneys' fees and costs.

Dated: May 3, 2010

Respectfully submitted,

/s/ Michael J. Muskat

_____

| OF COUNSEL: | MICHAEL J. MUSKAT |
| --- | --- |
| | **Attorney-in-Charge** |
| MALCOLM A. HEINICKE | State Bar No. 24002668 |
| CAROLYN H. LUEDTKE | S.D. Tex. Bar No. 22816 |
| Munger, Tolles & Olson, LLP | GABRIELLE S. MOSES |
| 560 Mission St., 27th Floor | State Bar No. 24063878 |
| San Francisco, CA  94105-2907 | LLOYD S. VAN OOSTENRIJK |
| (415) 512-4000 (Telephone) | State Bar No. 24056467 |
| (415) 512-4077 (Facsimile) | S.D. Tex. Bar No. 695844 |
| | Muskat, Martinez & Mahony, L.L.P. |
| | 440 Louisiana Street, Suite 590 |
| | Houston, Texas 77002 |
| | 713-987-7851 (Telephone) |
| | 713-987-7854 (Facsimile) |
| | |
| | ATTORNEYS FOR PLAINTIFF |
| | SERVICE EMPLOYEES INTERNATIONAL, INC. |