# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL, INC., | ] | Case No. 4:10-cv-01577 |
| Plaintiff, | ] | |
| MICHAEL PRYOR *et al.*, | ] | |
| Defendants. | ] | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

BRUCKNER BURCH PLLC

OF COUNSEL:
PETER RUKIN
(Cal. State Bar. No. 178336)
Rukin Hyland Doria & Tindall
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: 415.421.1800
Facsimile: 415.421.1700
peterrukin@rhdtlaw.com
(Admitted *pro hac vice*)

Richard J. (Rex) Burch
**Attorney-in-Charge**
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: 713.877.8788
Facsimile: 713.877.8065
rburch@brucknerburch.com

## <u>TABLE OF CONTENTS</u>

I.     SUMMARY OF ARGUMENT ........................................................................1

II.    STATEMENT OF UNDISPUTED FACTS ......................................................3

     A.    SEII Stipulated to Class Arbitration, Arbitrated on a Class Basis Without Objection for More Than Two Years, and Continued to Arbitrate on a Class Basis Through the Present. ................................................................3

     B.    The Parties' Arbitration Agreements Clearly and Unmistakably Vest the Arbitrator With the Authority to Decide Arbitrability. .............................7

III.   ARGUMENT .................................................................................................9

     A.    Defendants Are Entitled to Summary Judgment Because the Question of Whether the Parties Agreed to Permit Class Relief Has Already Been Submitted to and Decided by the Arbitrator, and the FAA Provides the Exclusive Statutory Basis for Review of that Decision. ..........................9

     B.    Alternatively, the Court Should Enter Judgment for the Pryor Defendants Because the Parties' Written Agreements Clearly and Unmistakably Delegate Arbitrability Decisions to the Arbitrator. .........12

     C.    The Pryor Defendants Are Entitled to Judgment on SEII's Injunctive Relief Claim. ...........................................................................................18

IV.    CONCLUSION ...............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Agere Sys., Inc. v. Samsung Elecs. Co., Ltd.*,
    560 F.3d 337  (5th Cir. 2009)..................................................................16

*Am. Realty Trust, Inc. v. JDN Real Estate- McKinney, L.P.*,
    74 S.W.3d 527 (Tex. App.-Dallas 2002).................................................15

*Amerix Corp. v. Jones*,
    Nos. JFM–11–2844, JFM–05–3028, JFM–11–2192, JFM–09–1498,
    2012 WL 141150 (D. Md. Jan. 17, 2012)  .................................... 10, 12

Apollo Computer, Inc. v. Berg,
    886 F.2d 469 (1st Cir. 1989) ..................................................................17

*Arcidiacono v. Limo, Inc*.,
    No. 8:10-cv-780-T-33AEP, 2010 WL 3565738 (M.D. Fla. Sept. 9, 2010) .........14

*AT&T Techs., Inc. v. Commc'n Workers of Am.*,
    475 U.S. 643 (1986) ...............................................................................18

*Bergman v. Spruce Peak Realty, LLC*,
    No. 2:11-CV-127, 2011 WL 5523329 (D. Vt. Nov. 14, 2011) ............................17

*Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co*,
    __F.3d__, Nos. 11-2346, 11-2757, 2011 WL 6382203 (7th Cir. Dec. 16, 2011)....12

*Bollinger Shipyards Lockport LLC v. Northrop Grumman Ship Sys., Inc*.,
    No. 08-4578, 2009 WL 86704 (E.D. La. Jan. 12, 2009)......................................17

*Broussard v. Parish of Orleans*,
    318 F.3d 644 (5th Cir. 2003)....................................................................9

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ...............................................................................12

*Citifinancial, Inc. v. Newton*,
    359 F. Supp. 2d 545 (S.D. Miss. 2005)...................................................17

*City of Meridian v. Algernon Blair, Inc.*,
  721 F.2d 525 (5th Cir. 1983)...................................................................................19

*Contec Corp. v. Remote Solution Co., Ltd.*,
  398 F.3d 205 (2d Cir. 2005) ..................................................................................17

*Dean Witter Reynolds, Inc. v. Fleury*,
  138 F.3d 1339 (11th Cir. 1998) .............................................................................18

*DK Joint Venture 1 v. Weyand*,
  649 F.3d 310 (5th Cir. 2011) ................................................................................16

*Downer v. Siegel*,
  489 F.3d 623 (5th Cir. 2007) ................................................................................18

*Encompass Power Servs., Inc. v. Eng'g & Constr.*,
  No. H-05-2759, 2005 WL 3234369 (S.D. Tex. Nov. 29, 2005) .............................19

*Evanston Ins. Co. v. Jimco, Inc.*,
  844 F.2d 1185 (5th Cir. 1988) ..............................................................................12

*F.T.C. v. Standard Oil Co. of California*,
  449 U.S. 232 (1980) ..............................................................................................19

*Fantastic Sams Franchise Corp. v. FSRO Assoc., Ltd.*,
  --F.Supp.2d --, No. 11-11485-NMG,  2011 WL 4899975 (D. Mass. Oct. 12,
  2011).......................................................................................................................13

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995); ...................................................................................... 15, 18

*Green Tree Financial Corp. v. Bazzle*,
  539 U.S. 444 (2003) ........................................................................................ 13, 14

*Green v. SuperShuttle Int'l, Inc.*,
  653 F.3d 766 (8th Cir. 2011) ................................................................................17

*Guida v. Home Savings of Am., Inc.*,
  793 F. Supp. 2d 611 (E.D.N.Y. 2011)...................................................................13

*Hall Street Assocs. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ..............................................................................................10

iii

*Halliburton Energy Servs., Inc., v. BJ Servs. Co.*,
  No. 2:08-cv-475-TJW, 2010 WL 2991031 (E.D. Tex. July 28, 2010) ...............17

*Holland Am. Ins. Co. v. Succession of Roy*,
  777 F.2d 992 (5th Cir. 1985)......................................................................18

*Howard v. Rent-A-Center, Inc.*,
  No. 1:10-CV-103, 2010 WL 3009515 (E.D. Tenn. July 28, 2010).........................16

*ITT Educ. Servs., Inc. v. Arce*,
  533 F.3d 342 (5th Cir. 2008)......................................................................19

*Lee v. Goldline Int'l, Inc.*,
  No. CV 11-1498 DSF (RZx), 2011 WL 1739989 (C.D. Cal. Apr. 27, 2011)......13

*Northland Truss System, Inc. v. Henning Const. Co., LLC*,
  __F. Supp. 2d__, No. 4:11-CV-216, 2011 WL 3915538 (S.D. Iowa Sept. 7, 2011)
  ................................................................................................................10

*Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Pers. of Tex., Inc.*,
  343 F.3d 355 (5th Cir. 2003) ......................................................................13

*Qualcomm Inc. v. Nokia Corp.*,
  466 F.3d 1366 (Fed. Cir. 2006) ...................................................................17

*Rain CII Carbon, LLC v. ConocoPhilips Co.*,
  No. 09-4169, 2010 WL 148292 (E.D. La. Jan. 11, 2010) ...................................17

*Rent-A-Center v. Jackson*,
  130 S. Ct. 2772 (2010)...................................................................... 14, 15

*Rock–Tenn Co. v. United Paperworkers Int'l Union*,
  184 F.3d 330 (4th Cir. 1999) ......................................................................18

*Saxa Inc. v. DFD Architecture, Inc.*,
  312 S.W. 3d 224 (Tex. App.-Dallas 2010)...........................................................17

*Smith v. GTE*,
  236 F.3d 1292 (5th Cir. 2001) .....................................................................14

*Soto-Fonelladas v. Ritz-Carlton San Juan Hotel Spa & Casino*,
  640 F.3d 471 (1st Cir. 2011) ...............................................................13

*Stolt-Neilsen S.A. v. AnimalFeeds Int'l Corp.,*
  130 S. Ct. 1758 (2010)................................................................. passim

*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.,*
  592 F.3d 329 (2nd Cir. 2010)..............................................................14

*Terminix Int'l Co., L.P. v. Palmer Ranch L.P.,*
  432 F.3d 1327 (11th Cir. 2005) ...........................................................17

*Trustmark Ins. Co. v. John Hancock Life Ins. Co.,*
  631 F.3d 869 (7th Cir. 2011)................................................................19

*TSYS Acquiring Solutions, LLC v. Elec. Payment Sys., LLC,*
  No. CV10-1060 PHX DGC, 2010 WL 4642112 (D. Ariz. Nov. 9, 2010)...........13

*Vilches v. The Travelers Co.,*
  413 Fed. Appx. 487, No. 10-2888, 2011 WL 453304 (3rd Cir. Feb. 9, 2011) ....13

*Wal-Mart v. Dukes,*
  564 US__, 131 S. Ct. 2541 (2011) .........................................................7

*Winn v. Tenet Healthcare Corp.,*
  No. 2:10-cv-02140-JPM-cgc, 2011 WL 294407 (W.D. Tenn. Jan. 27, 2011).....13

*Yahoo! Inc. v. Iversen,*
  No. 11-CV-03282-LHR, 2011 WL 4802840 (N.D. Cal. Oct. 11, 2011) .............17

**Statutes**

9 U.S.C. § 10 (a)(4)...............................................................................11
9 U.S.C. §§ 10, 12.................................................................................2

**Rules**

Fed. R. Civ. P. 56(c).............................................................................9

**Other Authorities**

Hon. David Hittner et al., Rutter Group Practice Guide: Federal Civil
  Procedure Before Trial (5th ed. 2011)...................................... passim

v

## I.      SUMMARY OF ARGUMENT

Plaintiff Service Employees International, Inc. (SEII) is one of 11 KBR, Inc.-related entities that are respondents in a class arbitration for unpaid wages brought by Defendants, Michael Pryor *et al*. in November 2007.  That arbitration has been proceeding on a class-wide basis for more than four years before the parties' jointly-selected JAMS arbitrator, Michael Loeb of San Francisco.  Consistent with the language of the arbitration agreements and SEII's concession at the start of the arbitration that those agreements permitted class arbitration subject to Rule 23 prerequisites, Arbitrator Loeb ordered the parties to take class-wide discovery, and on April 28, 2011, after full briefing and a hearing, the Arbitrator certified the class under Fed. R. Civ. P. 23(b)(3).

By this action for declaratory and injunctive relief, SEII is trying to prevent Arbitrator Loeb from continuing to exercise the authority vested in him by the parties' arbitration agreements.  The Pryor Defendants (claimants in the class action arbitration) now seek summary judgment because SEII's lawsuit is legally baseless.

First, SEII's lawsuit is improper because it seeks to bypass the exclusive procedures under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., for judicial review of an arbitrator's decision.  The FAA only permits judicial review of an Arbitrator's final award at the end of the arbitration or within three months after issuance of an interim clause construction award (*i.e.* an order finding that class arbitration is or is

not permitted by the relevant arbitration agreement).  *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 130 S. Ct. 1758, 1767 n.2 (2010); 9 U.S.C. §§ 10, 12.  The parties' arbitration agreements are governed by the FAA, as SEII concedes.  Yet, SEII chose not to file a petition to vacate the arbitrator's clause construction award (which was issued in April 2011, after a federal district court found that the class arbitration decision rests with Arbitrator Loeb), and there has not yet been any final arbitration award.  Consequently, this court lacks jurisdiction over SEII's lawsuit.  While SEII will have the right to challenge Arbitrator Loeb's class certification rulings under FAA § 10 in the appropriate court at the appropriate time, it may not bypass those exclusive judicial review procedures by pursuing this premature and procedurally improper challenge.

Second, even if this Court had jurisdiction to consider SEII's untimely and procedurally improper effort to obtain judicial review of Arbitrator Loeb's determination that the parties *agreed* to permit class-wide arbitration of their employment-based contract disputes (which is the ruling SEII seeks to challenge through this action), there is no lawful basis to second guess that determination. Under the law of this circuit (and this case), whether an arbitration agreement permits class arbitration procedures is a question of contract interpretation presumptively for the arbitrator in the first instance, even if the contract does not expressly vest that decision with the arbitrator.  Further, the Pryor Defendants need not rely on that

2

presumption to obtain summary judgment, because the parties' arbitration agreements clearly and unmistakably delegate all threshold questions of arbitrability to the Arbitrator, including questions concerning the permissible scope of arbitration and who is a proper party to that arbitration.  Supreme Court precedent makes clear that courts must honor such express delegations of authority to the parties' mutually chosen arbitrator.

Third, the Pryor Defendants are entitled to summary judgment on SEII's injunctive relief claim because, even if SEII had some basis for its clause construction argument, it cannot establish any of the other prerequisites for injunctive relief, including irreparable harm, inadequacy of legal remedies, and a favorable balance of hardships.

## II.   STATEMENT OF UNDISPUTED FACTS

### A. SEII Stipulated to Class Arbitration, Arbitrated on a Class Basis Without Objection for More Than Two Years, and Continued to Arbitrate on a Class Basis Through the Present.

The Pryor Defendants, truck drivers who worked in the Iraq war zone under contract with Plaintiff SEII, signed identical employment agreements before their deployment that required arbitration of all disputes between the parties, including disputes with respect to the arbitration agreement and its operation.  (*infra* at 7-8).

On November 1, 2007, after a dispute arose concerning SEII's failure to pay its truck drivers for all hours worked, the Pryor Defendants filed a class action demand

3

for arbitration with JAMS—the contractually designated arbitration provider. (Document # 10-2; Declaration of Mark Crawford ("Crawford Decl.") ¶ 2). Respondents in the arbitration were SEII and 10 other KBR, Inc.-related entities ("Respondents"). *Id*. On November 5, 2007, JAMS served the Pryor Defendants and SEII with the JAMS rules governing the arbitration, including the JAMS Employment Arbitration Rules and the JAMS Class Action Procedures. (Exs. 1, 2; Crawford Decl. ¶¶ 3-5). On December 11, 2007, the SEII Respondents filed an Answering Statement in the Arbitration, which contained no objection to the arbitrability of the dispute or the authority of the parties' jointly-selected Arbitrator, Michael Loeb, to adjudicate that dispute on a class wide basis. (Ex. 3; Crawford Decl. ¶ 6).

On January 10, 2008, Arbitrator Loeb conducted an initial arbitration management conference. The Arbitrator asked the parties to state their position on whether class arbitration was permitted under their agreement. The SEII Respondents expressly agreed that the parties' arbitration agreements permitted class arbitration. (Document # 10-1, ¶ 7; Request for Judicial Notice ("RJN"), Ex. D, p. 2).

SEII participated in the class arbitration for over two years without disputing the Arbitrator's authority to adjudicate the case on a class basis before it changed

course and filed this lawsuit on May 3, 2010.  (Declaration of Peter Rukin ("Rukin Decl.") ¶ 3; Document # 1).[1]

On May 4, 2010, the day after receiving a letter from SEII's counsel stating that the arbitration could not proceed as a class action, the Pryor Defendants (Claimants in the arbitration) filed a Petition to Compel Arbitration pursuant to FAA § 4 in the U.S. District Court for the Northern District of California, seeking an order compelling SEII and its co-respondents to proceed with the arbitration as the terms of the parties' agreement required. (RJN, Ex. A).  In response, the SEII Respondents represented to the California district court that they "have not, and will not, refuse to proceed with the putative class arbitration while they seek relief in court," and that therefore no order compelling arbitration was necessary.  (RJN, Ex. B, p. 11).  The SEII Respondents also argued (as SEII does here) that whether Claimants are precluded from pursuing class-wide relief in arbitration "is a question for the courts, and not the arbitrator, to decide."  *Id*.

---

[1] The SEII Respondents proceeded throughout the San Francisco arbitration in a manner consistent with their understanding that Arbitrator Loeb would determine the propriety of a Rule 23 class.  For example, they: (1) served interrogatories regarding class issues; (2) produced hundreds of thousands of pages of documents in response to class-wide document requests; (3) made high-level corporate designees available to testify regarding class-wide issues; (4) negotiated and agreed to the language of a notice to putative class members informing them of the pendency of the class arbitration and the fact that the Arbitrator would decide class issues, which was then mailed to more than 5,000 class members; (5) opposed claimants' request for merits discovery on the grounds that the Arbitrator should limit discovery to class-wide issues until class certification was resolved under Rule 23; (6) stipulated to a class certification briefing schedule before the Arbitrator (Ex. 4); and (7) confirmed in writing the parties' agreement that the Arbitrator will "decide[] whether to certify" a potential class of "truck drivers and convoy leads." (Ex. 5). Rukin Decl. ¶ 3(a)-(f).

The Northern District of California did not rule until February 2, 2011, when Chief Judge Vaughn Walker denied Claimants' petition to compel arbitration on the ground that the SEII Respondents had not refused to arbitrate. Judge Walker also found that "the question whether arbitration may proceed on a class action basis . . . is not a gateway question of arbitrability [for the federal court to decide and] that arbitrator Loeb should determine whether plaintiffs can pursue class arbitration." Order at 21, *Pryor v. Overseas Admin. Servs.*, No. C 10-1930 VRW (N.D. Cal. Feb. 2, 2011), ECF No. 71 (hereafter "N.D. Cal. Order").[2]

While that matter was still under submission, the Claimants, on August 19, 2010, filed their class certification motion with Arbitrator Loeb. Claimants also moved for an order confirming that Respondents had stipulated and agreed to class arbitration at the outset of the arbitration proceedings. The parties fully briefed both motions, and the Arbitrator held a hearing on November 19, 2010. (Rukin Decl. ¶ 5).

On April 28, 2011, the Arbitrator issued two written orders: the first confirmed that the SEII Respondents had waived any challenge to whether the arbitration agreements allowed arbitration of class claims (by stipulating that class arbitration was available); and the second granted Claimants' Motion for Class Certification. (RJN, Ex. D; Rukin Decl. ¶ 6).

---

[2] RJN, Ex. C.

On November 9, 2011, Claimants moved the Arbitrator to order notice to the certified class, which the parties have been meeting and conferring about since then. (Rukin Decl. ¶ 7).  On December 19, 2011, Respondents filed with the Arbitrator a motion to decertify the class based on *Wal-Mart v. Dukes,* 564 US__, 131 S. Ct. 2541 (2011).  The parties have just concluded briefing on that motion.  (Rukin Decl. ¶ 8; Ex. 6).

### B.  The Parties' Arbitration Agreements Clearly and Unmistakably Vest the Arbitrator with the Authority to Decide Arbitrability.

The Employment Agreements provide that each covered employee "will be bound by and accept as a condition of [his or her] employment the terms of the Halliburton Dispute Resolution Program which are herein incorporated by reference," and that "any and all claims" the employee has against SEII "or other parent or affiliate" of SEII related to the employee's employment "must be submitted to binding arbitration instead of the court system."  (Document #s. 10-4  to 10-14, ¶ 26).

The applicable Halliburton Dispute Resolution Program, also known as the "Halliburton Dispute Resolution Plan" or the "Plan" (Document #s 1-2 and 10-3) is composed of "the Plan" and "the Rules" (together, "DRP").  For purposes of this summary judgment motion, the following provisions are the most relevant, as they broadly define the scope of all disputes subject to mandatory arbitration and incorporate the applicable JAMS arbitration rules as governing any covered arbitration:

7

- The Plan is the "exclusive procedural mechanism for the final resolution of all Disputes falling within its terms."  (DRP, p. 1).

- "Dispute" is defined as "all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Plan or by an agreement to resolve disputes under the Plan, or between a person bound by the plan and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to . . . this Plan." (DRP, p. 2).

- The Federal Arbitration Act ("The Act") "shall apply to this Plan, the Rules, and any proceedings under the Plan or the Rules, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of an arbitrator, or settlements under the Plan or the Rules." (DRP, pp. 1, 5).

- Parties may initiate arbitration proceedings with JAMS, to be governed by the JAMS Employment Dispute Resolution Rules.  (DRP, p. 8).

The incorporated JAMS Employment Arbitration Rules & Procedures, which

JAMS served on the parties on November 5, 2007, provide:

- "The parties shall be deemed to have made these [JAMS] Rules a part of their Arbitration agreement whenever they have provided for Arbitration by JAMS under its Employment Rules. . . ." (Ex. 1, Rule 1(b)).

- The JAMS Rules in effect on the date of the commencement of an arbitration apply to the arbitration. (Ex. 1, Rule 3).

- "Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing.  The resolution of the issue by the Arbitrator shall be final." (Ex. 1, Rule 11(a)).

- "Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or *scope of the agreement* under which Arbitration is sought, *and who are proper Parties to the Arbitration*, shall be submitted to and ruled on by the Arbitrator.  Unless the relevant law

8

requires otherwise, the arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter."  (Ex. 1, Rule 11(c)) (emphasis added).

The JAMS Class Action Procedures that JAMS served on the parties on November 5, 2007 contain the following relevant provisions:

- "These Class Action Procedures ('Procedures') shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the JAMS Arbitration Rules where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable JAMS Rules."  (Ex. 2, Rule 1(a)).

- "Once appointed, the Arbitrator shall determine as a threshold matter whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."  (Ex. 2, Rule 2).

## III.   ARGUMENT

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003).

### A. Defendants Are Entitled to Summary Judgment Because the Question of Whether the Parties Agreed to Permit Class Relief Has Already Been Submitted to and Decided by the Arbitrator, and the FAA Provides the Exclusive Statutory Basis for Review of that Decision.

The Declaratory Judgment Act ("DJA") provides an equitable remedy "to fix the problem that arises when [a dispute exists yet] the other side does not sue."  HON. DAVID HITTNER ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §10:5.1 (5th ed. 2011) ("*Practice Guide*").  Declaratory relief is discretionary, and "the normal principle that federal court should adjudicate claims

9

within their jurisdiction yields to *considerations of practicality and wise judicial administration.*" *Id.* §10:45 (emphasis in original).

The procedures governing judicial review of arbitration rulings under the FAA, by contrast, are mandatory and exclusive. *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 590 (2008) (Section 10 of the FAA "provide(s) [the] exclusive regime" for review of an arbitration award). Thus, once an arbitrator has asserted jurisdiction over matters submitted, a court has no power to enter declaratory relief on those questions, and must decline to entertain such a request. *Practice Guide,* §16:115.5  (a court has "no power" to grant "declaratory judgment to resolve questions about the arbitrator's jurisdiction" . . . where the question *has already been submitted* to the arbitrator for decision.") (emphasis in original); *Northland Truss System, Inc. v. Henning Const. Co., LLC*, __F. Supp. 2d__, No. 4:11-CV-216, 2011 WL 3915538 (S.D. Iowa Sept. 7, 2011) (dismissing claim under DJA because request to declare that one party need not join in the arbitration proceedings "could be considered 'gratuitous interference' with the pending arbitration action.").

Here, Arbitrator Loeb has already *decided*, at a federal district court's direction on a petition to compel arbitration (N.D. Cal. Order, p. 21), the very issue that SEII seeks to have resolved in this case: whether the parties agreed to class arbitration. SEII did not appeal the Northern District of California Order,[3] the Arbitrator issued

---

[3] *See Amerix Corp. v. Jones*, Nos. JFM–11–2844, JFM–05–3028, JFM–11–2192, JFM–09–1498,

his class certification and clause construction rulings on April 28, 2011, and the

parties are thoroughly engaged in class arbitration proceedings.  Under these

circumstances, SEII has no right to declaratory relief.[4]  SEII could have moved under

the FAA's deferential review procedures to vacate the Arbitrator's April 2011 rulings.

*Stolt-Nielsen,* 130 S. Ct. at 1767 n. 2 (holding that adverse clause construction class

determination award ripe for FAA review).  It chose not to do so, preferring instead to

ask this Court to decide *de novo* an issue already determined by the Arbitrator.  In

effect, SEII is trying to place bets on both sides of the table, arbitrating class issues

(and representing to the Northern District of California that it was not refusing to

participate in a "putative class arbitration" (RJN, Ex. B, p. 11) and even filing its own

affirmative motion for decertification) while at the same time hoping this Court will

relieve it of the consequences of its decisions.

       This is not how Congress intended FAA arbitration to work.  Federal statutory

policies favoring arbitration and noninterference in ongoing arbitration proceedings

require that the San Francisco class arbitration continue until the parties' jointly

selected arbitrator issues a ripe and reviewable final award, which SEII may then seek

---

2012 WL 141150, at *5, 7 (D. Md. Jan. 17, 2012) (dismissing DJA action to stop class
arbitration where plaintiff failed to appeal court's earlier order that the arbitrator should decide if
class arbitration appropriate).

[4] In considering whether to dismiss an action seeking declaratory relief, the court should evaluate
the motion "under the circumstances existing *at the time the issue is raised* rather than at the time
the action was filed."  *Practice Guide,* §10:46.1 (emphasis in original).

to confirm, vacate, or modify under the FAA's governing procedures and standards. *Practice Guide,* §16:115.5; 9 U.S.C. §10(a)(4) (award may be vacated on grounds that arbitrator exceeded his powers); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co*, __F.3d__, Nos. 11-2346, 11-2757, 2011 WL 6382203, at *2 (7th Cir. Dec. 16, 2011) ("judges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. [citation omitted]  Review comes at the beginning or the end, but not in the middle.  If BCS wanted a judge to decide whether the plans' demands should be arbitrated jointly or separately, it should have refused to appoint an arbitrator"); *Amerix Corp*., 2012 WL 141140, at *7 (rejecting request to review class arbitration issue in DJA action; "judicial review of arbitration is severely circumscribed" and must follow FAA procedures).[5]

## B.   Alternatively, the Court Should Enter Judgment for the Pryor Defendants Because the Parties' Written Agreements Clearly and Unmistakably Delegate Arbitrability Decisions to the Arbitrator.

Although the Court can grant summary judgment on the sole ground that SEII's declaratory relief action is untimely and procedurally improper, it may also rule for the Pryor Defendants on the alternative ground that the authority to decide whether the agreements permit class arbitration is a question for the Arbitrator, not the court.

---

[5] Indeed, just three months ago, SEII objected to interlocutory review on ripeness grounds when opposing Claimants' application under FAA §9 to confirm the Arbitrator's April 2011 rulings. RJN, Ex. E, pp. 11-12 ( "a merits review—or even the cursory review Petitioners seek—while the arbitration is still under way is contrary to the law and would be a waste of judicial and party resources given the interim nature of the Orders.").

Whether an arbitration agreement reflects the contracting parties' intent to permit class arbitration is, as a general matter, a *procedural* question that is for the parties' designated arbitrator to decide in the first instance (as the Northern District of California has already concluded).[6]   While SEII may contend that this principle is no longer the law, it in fact remains so in this and other circuits.[7]   But even if there were a

---

[6] N.D. Cal. Order, p. 21.  This Court's limited discretionary authority to determine unresolved disputes under the DJA should not extend to revisiting another federal court ruling on this issue. *See, e.g., Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (under law of the case doctrine, where coordinate court previously decided on a rule of law for parties, courts "should be loathe" to revisit that ruling in the absence of extraordinary circumstances); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir. 1988) ("[a]s between federal district courts, 'the general principle is to avoid duplicative litigation'"); *TSYS Acquiring Solutions, LLC v. Elec. Payment Sys., LLC*, No. CV10-1060 PHX DGC, 2010 WL 4642112, at *7 n. 2 (D. Ariz. Nov. 9, 2010) (existence of parallel federal proceedings in which issues are being ventilated warrants dismissal of DJA action).

[7]  The Court in *Stolt-Nielsen* expressly declined to decide whether the availability of class relief is presumptively a question for the court or the arbitrator (130 S. Ct. at 1772), and most courts and commentators addressing the question after *Stolt-Nielsen* have followed the reasoning of the plurality in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) and held that the decision rests with the arbitrator in the first instance.  *Practice Guide*, §16:102.2 ("whether an arbitration agreement allows or forbids classwide arbitration is a question of contract interpretation (i.e., *what kind* of arbitration proceeding the parties agreed to) to be determined initially by the arbitrator, not the court.") (emphasis in original); *Soto-Fonelladas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 476-77 (1st Cir. 2011) (availability of class arbitration is a question of contract interpretation for the arbitrator); *Vilches v. The Travelers Co.*, 413 Fed. Appx. 487, No. 10-2888, 2011 WL 453304, at *4 (3rd Cir. Feb. 9, 2011) (same); *Guida v. Home Savings of Am., Inc.*, 793 F. Supp. 2d 611, 615-18 (E.D.N.Y. 2011) (holding that class arbitration is a procedural question for arbitrator, and collecting cases; "while *Stolt-Nielsen* pointed out that *Bazzle* did not have the same precedential value as an opinion by a majority of the Court, it did not indicate that the plurality opinion in *Bazzle* was incorrect on the issue of who decides whether a class can arbitrate a dispute"); *Fantastic Sams Franchise Corp. v. FSRO Assoc., Ltd.*, --F.Supp.2d --, No. 11-11485-NMG,  2011 WL 4899975, at *3 (D. Mass. Oct. 12, 2011) (following post-*Bazzle* circuit decision holding that arbitrator decides class arbitration issue); *Lee v. Goldline Int'l, Inc.*, No. CV 11-1498 DSF (RZx), 2011 WL 1739989, at *1 (C.D. Cal. Apr. 27, 2011) (same); *Winn v. Tenet Healthcare Corp.*, No. 2:10-cv-02140-JPM-cgc, 2011 WL 294407, at *10 n. 8 (W.D. Tenn. Jan. 27, 2011) (whether agreement is silent regarding class arbitration "is an issue for the arbitrator, not this Court.").  Because *Stolt-Nielsen* did not overrule *Bazzle*, this Court should follow controlling Fifth Circuit authority and hold that the availability of class

legitimate dispute about whether the arbitrator or court should first decide class arbitrability *in the absence* of express contractual direction, SEII must acknowledge that contracting parties may *expressly* empower their chosen arbitrator to decide that issue of contract construction as long as they clearly and unmistakably make that intention clear. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc*., 592 F.3d 329, 344 (2nd Cir. 2010) ("we need not decide whether the scope of the arbitrator's corrective powers . . . is a question presumptively for the arbitrator or for the courts because we conclude that the parties displayed clear and unmistakable intent to submit the question to the arbitrator.").

As the Supreme Court has repeatedly explained, contracting parties to arbitration "may agree on rules under which any arbitration will proceed," just as they may decide "who will resolve specific disputes" and what "issues they choose to arbitrate." *Stolt-Nielsen*, 130 S. Ct. at 1774. Moreover, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center v. Jackson*, 130 S. Ct. 2772, 2777 (2010), citing *Bazzle*, 539 U.S. at 452. Where

---

arbitration was and remains a procedural question for the arbitrator in the first instance. *Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Pers. of Tex., Inc*., 343 F.3d 355 (5th Cir. 2003) (availability of class arbitration is a question for the arbitrator in the first instance); *Smith v. GTE*, 236 F.3d 1292, 1300 n. 8 (5th Cir. 2001) (panel decision remains law of the circuit unless and until it "is overruled by the Court sitting *en banc* or by the Supreme Court"). *Pedcor* has not been overruled, and district courts after *Stolt-Nielsen* continue to rely on its holding. *See e.g., Arcidiacono v. Limo, Inc*., No. 8:10-cv-780-T-33AEP, 2010 WL 3565738, at * 2 (M.D. Fla. Sept. 9, 2010) (citing *Pedcor* in holding that availability of class arbitration is issue for arbitrator).

parties clearly set forth their intent to have the arbitrator decide such "gateway" questions, that intent is controlling and must be enforced, no matter what presumption might otherwise apply. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Rent-A-Center*, 130 S. Ct. at 2778.

Here, the arbitration agreements clearly and unmistakably delegate to the Arbitrator the power to decide all questions of arbitrability, including the scope of the arbitration, what claims the parties agreed to arbitrate, and who should be parties to the arbitration, which necessarily includes whether class arbitration is permissible. The starting point is the plain language of the DRP, which vests the Arbitrator with discretion to decide all "disputes" between the parties. "Disputes" are broadly defined to include all "controversies" of whatever kind or nature, including, significantly, all controversies related to the interpretation and meaning of *the Plan itself*. DRP, p. 2. It is hard to imagine a broader grant of authority. *See, e.g., Am. Realty Trust, Inc. v. JDN Real Estate- McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.-Dallas 2002, pet. denied) (applying "the plain grammatical meaning of the words," broad arbitration clause under which parties agree to arbitrate any "dispute" concerning a "claim" empowered arbitrator to decide whether prerequisites to arbitration were satisfied).

While the DRP language alone is a sufficiently clear and unmistakable delegation of authority for the arbitrator to decide the availability of class procedures, the analysis does not end there. The expressly incorporated JAMS Employment

15

Arbitration Rules and Procedures provide that all decisions regarding "[*j*]*urisdictional and arbitrability disputes*, *including disputes over the . . . scope of the agreement . . . and who are proper Parties to the Arbitration*, shall be submitted to and ruled on by the Arbitrator . . . as a preliminary matter."  (Ex. 1, Rule 11(c) (emphasis added)). Nearly all courts interpreting this JAMS clause, similar AAA delegation clauses,[8] and other similar contract provisions have held that they constitute a clear and unmistakable agreement to delegate decisions concerning arbitrability (including so-called "class arbitrability") to the arbitrator.[9]  *See., e.g.*, *Agere Sys., Inc. v. Samsung Elecs. Co., Ltd.*, 560 F.3d 337, 339-40 (5th Cir. 2009) (arbitration agreement clause delegating "issues of arbitrability" to arbitrator constitutes "broadly worded arbitration clause" vesting arbitrator with sole authority to determine whether the arbitration agreement covers dispute); *Howard v. Rent-A-Center, Inc.*,  No. 1:10-CV-103, 2010 WL 3009515 (E.D. Tenn. July 28, 2010) (JAMS delegation clause constitutes clear and unmistakable evidence of agreement to delegate arbitrability determination to

---

[8] JAMS Employment Arbitration Rule 11(c)'s delegation of authority to the arbitrator to decide whether the parties agreed to class arbitration is even clearer than the AAA delegation provision, because the JAMS rule explicitly vests the arbitrator with the power to decide "who are proper Parties to the Arbitration."  The question of proper parties to the arbitration is how the Supreme Court posed the clause construction question in *Stolt-Nielsen*.  130 U.S. at 1774-75.

[9] The Fifth Circuit endorsed this interpretation in *dicta* just months ago.  *See DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 317 n. 7, 9 (5th Cir. 2011) (noting that "some of our sister circuits have held that an arbitration agreement that refers to the AAA's rules thereby clearly and unmistakably demonstrates that the parties to the agreement to arbitrate intended to give the arbitrator the power to determine whether an issue or dispute is arbitrable," and that such an incorporation provision "may be sufficient to show that the parties *to those agreements* intended to confer that power to the arbitration panel . . .") (emphasis in original).  The court declined, however, to attribute such intent to persons who were non-parties to the written agreement.

arbitrator; collecting cases); *Saxa Inc. v. DFD Architecture, Inc.*, 312 S.W. 3d 224, 229-31 (Tex. App.-Dallas 2010) (party to broad arbitration clause that incorporates AAA rules cannot disown its obligation to arbitrate all disputes, including question of arbitrability).[10]

Finally, by agreeing to arbitrate under the JAMS Employment Arbitration Rules and Procedures, SEII was also bound by the JAMS Class Action Procedures. *Supra* at 9; Crawford Decl. ¶¶ 3, 5.  The Class Action Procedures expressly provide that, "once appointed, the Arbitrator shall determine as a threshold matter whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class."  (Ex. 2, Rule 2).  Clearer and more unmistakable delegation language is not possible.

---

[10] *See also Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (incorporation of AAA Rules constitutes clear and unmistakable intent to allow the arbitrator to determine threshold questions of arbitrability); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1373 (Fed. Cir. 2006) (same); *Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) (same); *Terminix Int'l Co., L.P. v. Palmer Ranch L.P.*, 432 F.3d 1327 (11th Cir. 2005) (same); Apollo Computer, Inc. v. Berg, 886 F.2d 469 (1st Cir. 1989) (same); *Bergman v. Spruce Peak Realty, LLC*, No. 2:11-CV-127, 2011 WL 5523329, at *2-4 (D. Vt. Nov. 14, 2011) (AAA clause authorized arbitrator to decide whether a contractual basis supports class arbitration); *Yahoo! Inc. v. Iversen*, No. 11-CV-03282-LHR, 2011 WL 4802840, at *6-7 (N.D. Cal. Oct. 11, 2011) (arbitrator decides whether contract permits class arbitration; incorporation of the AAA rules by reference constitutes "clear and unmistakable" evidence that the parties intended to submit the question to the arbitrator); *Halliburton Energy Servs., Inc., v. BJ Servs. Co*., No. 2:08-cv-475-TJW, 2010 WL 2991031 (E.D. Tex. July 28, 2010) (incorporation of AAA rules constitutes clear and unmistakable agreement to vest arbitrator with arbitrability decision); *Rain CII Carbon, LLC v. ConocoPhilips Co*., No. 09-4169, 2010 WL 148292 (E.D. La. Jan. 11, 2010) (same); *Bollinger Shipyards Lockport LLC v. Northrop Grumman Ship Sys., Inc*., No. 08-4578, 2009 WL 86704, at *5 (E.D. La. Jan. 12, 2009) (same; collecting cases); *Citifinancial, Inc. v. Newton*, 359 F. Supp. 2d 545, 551-52 (S.D. Miss. 2005) (same).

Because the parties' written agreements clearly and unmistakably delegate arbitrability decisions to the Arbitrator, any reference by SEII to "confusion" about whether a court or arbitrator should be the first to decide the availability of class arbitration in the *absence* of such clear intent is irrelevant.  The Supreme Court for decades has said that parties may vest so-called "gateway" arbitrability issues in the arbitrator if they do so clearly and unmistakably, as they did here.  *See AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643 (1986); *First Options*, 514 U.S. at 944.  Under controlling authority, this Court may not preempt or disturb the Arbitrator's exercise of his contractually delegated and exclusive authority to construe the parties' contract language.[11]

### C. The Pryor Defendants Are Entitled to Judgment on SEII's Injunctive Relief Claim.

Injunctive relief is a "drastic remedy, not to be granted routinely."  *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).  To prevail on

---

[11] Because the arbitration agreements clearly and unmistakably delegate arbitrability to the Arbitrator, the Court need not reach the question of whether SEII's conduct in arbitration also constituted estoppel or waiver of any objection to class arbitration.  *Downer v. Siegel*, 489 F.3d 623, 628 n. 5 (5th Cir. 2007) (declining to reach the waiver of arbitrability issue "because even if, as the plaintiffs argue, they did not waive that objection, the claims are subject to the arbitration clause.").  That said, the Pryor Defendants are aware of no authority that supports excusing SEII from the consequences of its *express stipulation* and course of conduct (*supra* at 4-7), which constitute additional clear and unmistakable evidence of its intent to delegate class arbitration decisions to the Arbitrator.  *See Rock–Tenn Co. v. United Paperworkers Int'l Union*, 184 F.3d 330, 335 (4th Cir. 1999) ("[b]y word and deed, the parties repeatedly demonstrated their intent to allow the arbitrator to decide whether the dispute was arbitrable"); *Dean Witter Reynolds, Inc. v. Fleury*, 138 F.3d 1339, 1343 (11th Cir. 1998) ("Dean Witter's conduct throughout the arbitration provides 'clear and unmistakable evidence' that it intended to submit the § 15 issues to the NASD, any belated protests to the contrary notwithstanding.").

18

its claim for a permanent injunction, SEII must prove: (1) success on the merits; (2) irreparable injury; (3) legal remedies are inadequate; (4) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (5) that the public interest would not be disserved by a permanent injunction. *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008).

Summary judgment for Defendants is appropriate here because SEII cannot establish any of these elements. First, for the reasons set forth above (*supra* at 9-18), SEII should not prevail on the merits of its declaratory relief claim.

Second, SEII will not suffer irreparable harm should an injunction not issue.  It is black letter law that the expense to a party of participating in an adjudicatory proceeding does not constitute irreparable harm.  *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (expense and disruption of defending adjudicatory proceeding not irreparable harm); *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir. 1983) (reversing district court order enjoining arbitration; expense of inappropriate arbitration does not constitute irreparable harm); *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869, 872 (7th Cir. 2011) (labeling as "frivolous" a claim to enjoin arbitration);  *Encompass Power Servs., Inc. v. Eng'g & Constr.*, No. H-05-2759, 2005 WL 3234369, at \*2 (S.D. Tex. Nov. 29, 2005) (expense of an inappropriate arbitration does not constitute irreparable harm as it "can be challenged in a proceeding to vacate the arbitration award.").

Third, SEII cannot establish that its legal remedies are inadequate.  As the court observed in *Encompass Power Services*, a party dissatisfied with an arbitration award may seek to vacate or modify the award pursuant to FAA procedures—although judicial review will be under the highly deferential standards that SEII is improperly seeking to avoid.  *Id.*; *see also Practice Guide*, §13:63.20-21  (ability to raise defenses in arbitration constitutes adequate remedy at law).  Accordingly, the balance of hardships also favors the Pryor Defendants.

## IV.    CONCLUSION

For the reasons stated, summary judgment should be granted in favor of the Pryor Defendants and against Plaintiff SEII.

Dated: February 13, 2012

Respectfully submitted,

OF COUNSEL:

PETER RUKIN
(Cal. State Bar. No. 178336)
Rukin Hyland Doria & Tindall
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: 415.421.1800
Facsimile: 415.421.1700
peterrukin@rhdtlaw.com
(Admitted *pro hac vice*)

BRUCKNER BURCH PLLC
_____ s/ Peter Rukin _____
With Permission of:
Richard J. (Rex) Burch
**Attorney-in-Charge**
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: 713.877.8788
Facsimile: 713.877.8065
rburch@brucknerburch.com