# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL, INC.,** | ] ] ] **Case No. 4:10-cv-01577** |
| **Plaintiff,** | ] |
| | ] |
| **MICHAEL PRYOR *et al.*,** | ] |
| **Defendants.** | ] |

## DECLARATION OF PETER RUKIN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, PETER RUKIN, declare as follows:

1. I am a member of the Bar of the State of California and a partner in the law firm of Rukin Hyland Doria & Tindall LLP. On June 7, 2010, I was admitted *pro hac vice* to appear before this Court in this case. I make this declaration in support of Defendants' Motion for Summary Judgment. I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify competently hereto.

2. I am co-counsel for the Claimants in *Pryor et al v. Overseas Administration Services, Ltd, et al.*, JAMS Case No. 1100052926. Defendants

1

here are the claimants in the *Pryor* arbitration.  Plaintiff SEII is one of 11 respondents in the *Pryor* arbitration.

  3. From the initiation of the arbitration on November 1, 2007 through May 2, 2010, SEII never raised an objection that the arbitration agreements did not permit class arbitration.  During those two and a half years, the SEII Respondents actively participated in the class arbitration proceedings by conducting and responding to discovery regarding class issues, and asking the Arbitrator to decide whether class certification was appropriate under Fed. R. Civ. P. 23.  The SEII Respondents' conduct included, but was not limited to, the following:

  a. On March 4, 2008, I received interrogatories and document requests from the SEII Respondents seeking information regarding the elements of Rule 23.   The interrogatories asked Claimants to identify facts supporting Claimants' contentions that: the proposed class is "so numerous that joinder of all members is impractical"; the named plaintiffs' claims are "typical of the claims of the class"; there is commonality among the proposed class members' claims; and the named Plaintiffs are adequate representatives of the class.

  b. In July, 2009, following a hearing before the Arbitrator on Claimants' motion to compel production of information regarding

putative class members, counsel for the SEII Respondents and I negotiated the language of a notice to putative class members informing them of the existence of the class arbitration and explaining why their contact information had been disclosed ("putative class notice"). The final and mutually-agreed language of the putative class notice stated that "[i]f the Arbitrator ultimately allows this case to proceed as a class action, you may be a member of this potential class." The putative class notice was eventually mailed to over 5,000 putative class members.

c. During the course of the arbitration, the SEII Respondents produced to my office hundreds of thousands of pages of documents regarding class-wide issues, and made high-level corporate designees available to testify regarding class-wide issues.

d. In April 2010, Claimants moved the Arbitrator to order the SEII Respondents to produce custodial files (including emails) for certain supervisory personnel. On April 15, 2010, the SEII Respondents opposed Claimants' motion in part on the grounds that the discovery was "for purposes of class certification" and that the information already produced regarding higher level decision makers was sufficient for that purpose. The Arbitrator ultimately agreed to limit

      the scope of production of the additional custodial files that Claimants sought.

   e.  In early 2011, counsel for the SEII Respondents and I negotiated and agreed to a stipulated scheduling order for presentation of class certification issues to the Arbitrator, including a deadline for designation of experts regarding class certification issues, a class certification fact discovery cut-off date, and a class certification briefing schedule.  Attached as Exhibit 4 to Defendants' Motion for Summary Judgment is a true and correct copy of the scheduling order agreed to by counsel and signed by Arbitrator Loeb.

   f.  Attached as Exhibit 5 to Defendants' Motion for Summary Judgment is a true and correct copy of a letter that I received from the SEII Respondents' counsel by electronic mail on April 23, 2010, confirming the parties' agreement that the Arbitrator will "decide[] whether to certify" a potential class of "truck drivers and convoy leads."

4.   On May 3, 2010, I received a letter from counsel for the SEII Respondents, addressed to Claimants' counsel and the Arbitrator.  The letter asked Claimants' counsel to stipulate that the "instant arbitration can proceed only with respect to the claims of the named Claimants and not as a class action," and

represented that the SEII Respondents would pursue judicial proceedings if Claimants refused to so stipulate.

5.     On August 19, 2010, Claimants filed a motion for class certification with the Arbitrator pursuant to the briefing schedule agreed to by the parties. At the same time, Claimants submitted a motion requesting an order confirming that Respondents had stipulated and agreed to class arbitration at the outset of the arbitration proceedings. The parties fully briefed both motions, and the Arbitrator held a hearing on the motions on November 19, 2010.

6.     On April 28, 2011, the Arbitrator issued written orders: (1) Granting Motion for Class Certification; and (2) Confirming Waiver of Right to Challenge Whether Arbitration Clause Encompasses Arbitration of Class Claims. Attached as Exhibit D to Defendants' Request for Judicial Notice is a true and correct copy of the Order Confirming Waiver of Right to Challenge Whether Arbitration Clause Encompasses Arbitration of Class Claims, which I received from JAMS by electronic mail on April 28, 2011.

7.     On November 9, 2011, Claimants moved the Arbitrator to order Notice to the certified Class. The parties have been meeting and conferring about class notice since then, most recently on February 1, 2012, when counsel for the SEII Respondents transmitted to me proposed redlined revisions to Claimants' proposed notice. Although the SEII Respondents have agreed to meet and confer

regarding the form and content of notice, they oppose dissemination of Class Notice until the Arbitrator resolves their pending motion for decertification, described in paragraph 8 below.

8. On November 22, 2011, counsel for the SEII Respondents informed Arbitrator Loeb that Respondents intended to file a motion to decertify the class based on the U.S. Supreme Court's decision in *Wal-Mart v. Dukes,* 564 US__, 131 S. Ct. 2541 (2011). Attached as Exhibit 6 to Defendants' Motion for Summary Judgment is a true and correct copy of the letter I received from the SEII Respondents' counsel by electronic mail on November 22, 2011. The SEII Respondents filed their motion to decertify with the Arbitrator on December 19, 2011, and the parties have just concluded briefing on the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of February in San Francisco, California.

                                        s/ Peter Rukin
                                  PETER RUKIN